LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On November 15, 2002, a jury in the Circuit Court of Walthall County found Michael Miller guilty of capital murder. Miller was sentenced to serve a term of life in prison without parole in the custody of the Mississippi Department of Corrections. Miller then filed a motion for a judgment notwithstanding the verdict or, in alternative, for a new trial. The trial judge denied this motion on December 12, 2002. Miller now appeals to this Court asserting that the trial judge erred in denying his motion for a judgment notwithstanding the verdict.
FACTS
¶ 2. On March 3, 2002, Ruby Daughtery discovered the body of Clarence Stiner, her father, dead in his home. Stiner had died from a gunshot wound to the back of the head. Forensics determined that Stiner had been killed sometime on the morning of March 1. Over the course of the investigation, Miller gave three audiotaped statements and one videotaped statement to the sheriffs deputies. On the first audiotape, Miller stated that a man named Rick killed Stiner, but that he did take $430 dollars from Stiner’s pocket after Stiner was killed. On the second audiotape, Miller stated that Rick and another man, Teamus Magee, were both present at the time Rick shot Stiner. Miller again said that he took $430 out of Stiner’s pocket, but also that Rick took money out of Stiner’s wallet. On the third audiotape, Miller said that he had killed Stiner, hid the gun between two mattresses, and took $430 out of Stiner’s pocket. On the videotaped statement, which was taken approximately three weeks after the audiotaped statements, Miller recanted his earlier confession, stating that he robbed Stiner but did not kill him.
DISCUSSION
I. DID THE TRIAL JUDGE ERR IN DENYING MILLER’S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 3. In his only issue Miller asserts that the trial judge erred in denying his motion for a judgment notwithstanding the verdict. Specifically, Miller argues that the evidence was insufficient to support the guilty verdict. When testing the legal sufficiency of the State’s evidence, the applicable standard of review is as follows: “the court must review the evidence in the light most favorable to the [S]tate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence.” McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court will reverse only when reasonable and fair-minded jurors could find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Furthermore, it has long been a rule in Mississippi that it is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all inferences flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
¶ 4. Mississippi Code Annotated Section 97-3-19 (Rev.2000), states that capital murder is “(2) [t]he killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases ... (e) [w]hen done with or without any design to effect death, by any person engaged in the commission of the crime of ... robbery.” Miller argues that the evidence is insufficient to support a conviction of capi *99 tal murder because it does not show that Stiner was lolled “during the commission” of the armed robbery. Mississippi recognizes the “one continuous transaction rationale” in capital cases. West v. State, 553 So.2d 8, 13 (Miss.1989). There this Court stated:
In Pickle v. State, 345 So.2d 623 (Miss.1977), we construed our capital murder statute and held that ‘the underlying crime begins where an indictable attempt is reached.... ’ 345 So.2d at 626; see also Layne v. State, 542 So.2d 237, 243 (Miss.1989); Fisher v. State, 481 So.2d 203, 212 (Miss.1985); and Culberson v. State, 379 So.2d 499, 503-04 (Miss.1979)_An indictment charging a killing occurring ‘while engaged in the commission of one of the enumerated felonies includes the actions of the defendant leading up to the felony, the attempted felony, and flight from the scene of the felony.
West v. State, 553 So.2d at 13. The supreme court also found that it was irrelevant when the victims died, whether it was before or after the money was taken, because it was clear that they died during the commission of the armed robbery. Turner v. State, 732 So.2d 937(¶ 48) (Miss.1999).
¶ 5. Miller admitted on three separate occasions that he stole $430 from Stiner’s pocket immediately after Stiner was killed. Miller also admitted on one occasion that he killed Stiner. Considering all the discrepancies in Miller’s various confessions and reviewing the evidence in the light most favorable to the State, we find the jury could easily infer that Miller knew about the $430 in Stiner’s front pocket, shot Stiner in the back of the head, and proceeded to take the money from Stiner’s pocket. We do not find that reasonable and fair-minded jurors could only find Miller not guilty; thus, we find no merit to this issue.
¶ 6. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE WITHOUT PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J„ NOT PARTICIPATING.